HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| MERCER PUBLISHING INC., MICHAEL HUBBARD and RACHEL HUBBARD, husband and wife, and the marital community comprised therein,<br><br>     Plaintiffs,<br>  vs.<br><br>SMART COOKIE INK, LLC and DEEPA RAJAGOPAL,<br><br>     Defendants. | Case No. 2:12-cv-00188-JLR<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS AMENDED COUNTERCLAIMS PURSUANT TO FED. R. CIV. P. 12(b)(6)** |
| MERCER PUBLISHING INC., et al.<br><br>     Plaintiffs,<br>vs.<br><br>TESTINGMOM.COM, LLC, et al.<br><br>     Defendants. | Case No. C12-0550-JLR<br><br>(consolidated) |

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO DISMISS DEFENDANTS'
AMENDED COUNTERCLAIMS
Case No. 2:12-cv-00188-JLR
Page 1 of 22
5259323

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**INTRODUCTION**

This Opposition is submitted jointly by Defendants Smart Cookie Ink, LLC, and Deepa Rajagopal (the "Smart Cookie Ink Defendants") and Defendants TestingMom.com LLC, Karen Quinn and Michael McCurdy (the "TestingMom.com Defendants"). Defendants oppose Plaintiffs' Motion to Dismiss the Amended Counterclaims Defendants have asserted against Plaintiffs Mercer Publishing Inc. and its principals Michael and Rachel Hubbard (collectively, "Mercer").  On July 25, 2012, the Court granted in part Mercer's motion to dismiss Smart Cookie Ink's counterclaims, under the Noerr Pennington Doctrine, but gave Defendants leave to amend their counterclaims. Dkt. 27.  On August 14, 2012, Defendants filed amended counterclaims that more explicitly detailed the facts showing why the "sham" exception to the Noerr Pennington Doctrine applies here.  Dkt. 28 (TestingMom.com amended answer and counterclaims); Dkt. 29 (Smart Cookie Ink amended answer and counterclaims). For the reasons demonstrated below, the Court should deny Plaintiffs' motion to dismiss the amended counterclaims a) under the sham exception to the Noerr Pennington Doctrine and b) under the Lanham Act.

**I. Defendants' Counterclaims Fall within the Sham Exception to the Noerr Pennington Doctrine.**

Defendants should be allowed to prove their Counterclaims, which assert claims under the Washington Consumer Protection Act, RCW 19.86, for intentional interference with business expectancy, intentional interference with contractual relations. As amended, Defendants' counterclaims present the kind of detail needed to establish that Plaintiffs' actions come within the sham exception to the Noerr Pennington doctrine.  As the Court articulated the applicable

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO DISMISS DEFENDANTS'
AMENDED COUNTERCLAIMS
Case No. 2:12-cv-00188-JLR
Page 2 of 22
5259323

PATTON BOGGS LLP
2550 M ST NW
WASHINGTON, DC  20037
TEL: (202) 457-6000 • FAX: (202) 457-6315

legal standard in its Order, "An action is considered a sham if it is 'objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits,' and if the baseless lawsuit is intended to 'interfere directly with the business relationships of a competitor.'" Dkt. 27, Order at 9, citing *Prof'l Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 60-61 (1993).

Defendants' amended counterclaims assert detailed facts that meet that standard. Defendants are confident that they will be able to prove those facts and demonstrate that Mercer's bogus copyright claims, its sending of fraudulent "take down" and "cease and desist" notices, its institution of this flawed lawsuit, and its other anti-competitive and unfair actions were objectively baseless and a sham designed to impede Defendants' ability to compete fairly with Mercer.

**A. Mercer's Copyright Infringement Claims are Objectively Baseless**.

Defendants' Amended Counterclaims set forth facts and legal points demonstrating why Mercer's infringement claims and other unfair actions were sham actions designed to impede Defendants' ability to compete. As pleaded in the Smart Cookie Ink amended counterclaims (Dkt. 29, ¶¶ 29, 72, 88, 102), "Mercer's copyright infringement claims are objectively baseless for multiple reasons, including:

    a. Mercer's copyright claims are objectively baseless because Mercer has not demonstrated, and cannot demonstrate, ownership of valid copyrights, or that they have complied with the requirements for obtaining valid registrations with the U.S. Copyright Office, as required by 17 U.S.C. § 411 prior to instituting a suit for copyright infringement.

    b. Mercer has continued to refuse Counter-Plaintiffs' repeated requests for information necessary to determine the validity of the copyright registrations being asserted, including complete applications therefore and deposit materials submitted therewith, on which Mercer purportedly bases its infringement claims, and has failed to identify with specificity the alleged infringements.

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO DISMISS DEFENDANTS'
AMENDED COUNTERCLAIMS
Case No. 2:12-cv-00188-JLR
Page 3 of 22
5259323

PATTON BOGGS LLP
2550 M ST NW
WASHINGTON, DC  20037
TEL: (202) 457-6000 • FAX: (202) 457-6315

c. On information and belief, Mercer knowingly made material misrepresentations to the Copyright Office in connection with its applications for copyright registration, for example by seeking to register, as "published" material, material that had not yet been published by sale, lease or lending to the public, and seeking registration for works that consist of material that is not original with Mercer, such as clipart, and failing to disclaim the same on the applications for copyright registration.

d. Due to such misrepresentations on Mercer's applications for copyright registration, Mercer does not have valid copyright registrations on which to base copyright infringement claims, which renders the copyright claims asserted against Smart Cookie Ink, in the cease and desist letters, in the "take down" letters, and in this lawsuit, objectively baseless.

e. Mercer's copyright claims are objectively baseless because the allegedly infringed material is not sufficiently original or creative to qualify for copyright protection.

  i. By way of example, Mercer's material consists of standard shapes, forms, formats, short phrases and other material which is not sufficiently creative or original to qualify for copyright protection.

f. Mercer knew, or should have known, that the allegedly infringed material does not qualify for copyright protection because it is expression that has merged with the underlying ideas expressed.

  i. By way of example, Mercer has asserted infringement of instructions for answering standardized test questions geared to first and second graders, which instructions are so simple and straightforward that no copyright protection is available.

g. Mercer's copyright infringement claims are objectively baseless because the allegedly infringed material consists of expressions that are indispensable to standardized test preparation materials and questions for first and second graders, such that they do not qualify for copyright protection under the scenes a faire doctrine.

h. Mercer's copyright infringement claims are objectively baseless because the material which Plaintiffs claim to have been infringed did not originate with Plaintiffs but with the respective publishers of the CogAT® and NNAT® tests, neither of which are owned or licensed by Plaintiffs.

i. Mercer's copyright infringement claims are objectively baseless because the material which Mercer claims to have been infringed did not originate with Mercer but consists of clip art or other material that is in the public domain or for which the copyright is held by third parties other than Mercer."

The TestingMom.com amended counterclaims asserted similar points, in demonstrating fundamental reasons Plaintiffs' copyright claims must be viewed as objectively baseless. See, e.g., Dkt. 28, ¶¶ 70-71. The assertions in the amended counterclaim reveal the sham nature of Mercer's claims.

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO DISMISS DEFENDANTS'
AMENDED COUNTERCLAIMS
Case No. 2:12-cv-00188-JLR
Page 4 of 22
5259323

PATTON BOGGS LLP
2550 M ST NW
WASHINGTON, DC  20037
TEL: (202) 457-6000 • FAX: (202) 457-6315

1. *Mercer Has Failed to Show Compliance with Required Copyright Formalities.*

A cornerstone to a copyright infringement claim is a valid copyright. In moving to strike Defendants' Amended Counterclaims, Plaintiffs rely heavily on the presumption of validity often accorded to valid copyright registrations.  That reliance is wholly misplaced in this case.  The fact that the Copyright Office may have issued copyright registrations to Mercer does not get Mercer over the "objectively baseless" hurdle.  Significant doubt is cast on the validity of Mercer's claims by, among other things, Mercer's continued refusal to identify the specific registered works it alleges have been infringed, or to identify the specific passages that have allegedly been infringed, or to provide the application and deposit copies it sent to the Copyright Office.

Although Plaintiffs assert that Defendants had access to Mercer's materials, Plaintiffs have yet to identify with particularity the specific Mercer materials that were allegedly infringed and that those "materials" are a part of a registered work, and if so, which one.  Nor have Plaintiffs shown that they in fact own copyright registrations for the specific works allegedly infringed or that the registered works are original works of its registered authorship.  In its complaint and elsewhere, Mercer has only made general references to some copyright registrations, without specifying what works are subject to what registration, or what specific works allegedly were infringed by Defendants' materials.

Defendants do not deny that they had access to certain published works of Mercer, among the many other resources and publications in the early elementary school testing field.  Defendants do not admit that they had access to the registered works; that is the copies deposited with the Copyright Office.  Contrary to Plaintiffs' assertions, Defendants do NOT admit that they copied Mercer, and Defendants strenuously deny that there is any substantial similarity of

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO DISMISS DEFENDANTS'
AMENDED COUNTERCLAIMS
Case No. 2:12-cv-00188-JLR
Page 5 of 22
5259323

PATTON BOGGS LLP
2550 M ST NW
WASHINGTON, DC  20037
TEL: (202) 457-6000 • FAX: (202) 457-6315

protectable expression between Defendants' works and Mercer's.  However, because Plaintiffs have failed to produce the deposit copies that are covered by the copyright registrations, or to identify the sources of the copyrighted material that Defendants allegedly copied, Plaintiffs have failed to make a prima facie case of copyright infringement. Plaintiffs' continued failure to do so is strong indication that its infringement claims are a sham.  Those claims were made not only in this litigation, which imposes a heavy burden on these small entrepreneurial companies. Plaintiffs made those infringement assertions to third parties, which acted on them to bar the Smart Cookie books from the market.

It is a fundamental requirement under that Copyright Act that a copyrighted work be registered before an infringement action can be brought. That "is a jurisdictional prerequisite to suit." *Cosmetic Ideas, Inc. v. IAC/Interactivecorp.*, 606 F.3d 612 n. 13 (9th Cir.), *cert. denied*, __ U.S. __, 131 S. Ct. 686 (2010). As Defendants have argued previously in the responses to Mercer's motion to Compel Discovery, in *Dream Custom Homes, Inc. v. Modern Day Const., Inc.*, 773 F. Supp. 2d 1288, 1301 (M.D. Fla. 2011), *aff'd*, 2012 WL 1320122 (11th Cir April 17. 2012), the District Court noted:

> An owner's cause of action for copyright infringement is unenforceable until compliance with the formalities of registration, including the payment of fees and deposit of copies of the work, is shown. Ownership of the copyright is demonstrated through compliance with the formalities of registration. *Donald Frederick Evans & Assoc., Inc. v. Continental Homes, Inc.,* 785 F.2d 897, 903 (11th Cir.1986). The Copyright Act's registration requirement is a precondition to filing a copyright infringement claim that does not restrict a federal court's jurisdiction with respect to infringement suits involving unregistered works. *Reed Elsevier, Inc. v. Irvin Muchnick et al.,* 130 S.Ct. 1237 (2010).

Mercer's failure to substantiate its claims of valid copyright registrations—despite repeated

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO DISMISS DEFENDANTS'
AMENDED COUNTERCLAIMS
Case No. 2:12-cv-00188-JLR
Page 6 of 22
5259323

PATTON BOGGS LLP
2550 M ST NW
WASHINGTON, DC  20037
TEL: (202) 457-6000 • FAX: (202) 457-6315

requests that it do so—significantly undercut the substance of its claims and prevents this  Court from determining if the works claimed are owned by Plaintiffs and are original works.

### 2. *The Amended Counterclaims Show that Mercer is Not Entitled to the Presumption of Valid Copyrights*.

A copyright registration certificate is merely "prima facie" evidence of copyright. Registration "is considered prima facie evidence of the validity of the copyright, which can be challenged by presenting evidence attacking the elements of a valid copyright, such as ownership, copyrightable subject matter, and originality." *Syntek Semiconductor Co. v. Microchip Tech. Inc.*, 307 F.3d 775, 781 (9th Cir.2002); *see also Lucky Break Wishbone Corp. v. Sears, Roebuck & Co.*, 528 F. Supp. 2d 1106, 1119 (W.D. Wash. 2007), *aff'd sub nom. Lucky Break Wishbone Corp. v. Sears Roebuck & Co.*, 373 F. App'x 752, 2010 WL 1391358 (9th Cir. 2010).  Where evidence in the record casts doubt on the issue, the prima facie presumption is rebutted and the presumption of validity is lost.  *Midway Mfg. Co. v. Bandai-Am., Inc.*, 546 F. Supp. 125, 139 (D.N.J. 1982), citing *Durham Industries, Inc. v. Tomy Corporation*, 630 F.2d 905, 908 (2d Cir. 1980).

In the amended counterclaims, Defendants demonstrate why no presumption of the validity of copyright is warranted here. Mercer has withheld evidence of compliance with the basic deposit requirement. Although the deposit material submitted to the Copyright Office is highly relevant to determining whether Mercer's copyright claim has any facial validity[1], Mercer

---

[1] The registered work must be the work allegedly infringed.   In order to possess a valid registration, the deposit copy submitted must be complete and be the work over which plaintiff is suing. 5 *Patry on Copyright* § 17:87. See *Lucky Break Wishbone Corp. v. Sears, Roebuck & Co.*, *supra*, 528 F. Supp. 2d at 1118 ("Where the deposit submitted with Lucky Break's application for copyright registration was a copy of the production wishbone, and not the prototype wishbone, the registration was prima facie evidence of the validity of Lucky Break's copyright in the production wishbone, but was not prima facie evidence of the validity of Lucky Break's copyright in the prototype wishbone.… Lucky Break must prove that it has a valid copyright, and a valid copyright registration, in

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO DISMISS DEFENDANTS'
AMENDED COUNTERCLAIMS
Case No. 2:12-cv-00188-JLR
Page 7 of 22
5259323

PATTON BOGGS LLP
2550 M ST NW
WASHINGTON, DC  20037
TEL: (202) 457-6000 • FAX: (202) 457-6315

has refused to produce the deposit material submitted with its copyright applications.  According to Mercer, the deposit material is confidential and needs to be subject to a protective order.  Thus, in its response to Defendants' Document Requests, Mercer stated that "deposit materials will be produced subject to the entry of an agreed protective order." [2]

That position is ludicrous and is further evidence of the baselessness of Mercer's infringement claims.  For example, Mercer's complaint asserts that Smart Cookie Ink infringed the Mercer work covered by Copyright Reg. No. TX0007143724 – a "published" work.  According to that registration (a copy of which, from the Copyright Office online records, is annexed as Exh. 1 to the accompanying Lodge Declaration), the covered work is "Mercer Publishing / Toolbox for Kids - CogAT and NNAT questions," and was first published on 4/1/2009.  If a work is "published" – defined by the Copyright Act as "the distribution of copies or phonorecords of a work to the public by sale or other transfer of ownership, or by rental, lease, or lending distributed by sale, rental or leasing to the public"[3] -- it cannot be considered "confidential."  And, if it is not a published work, then Plaintiffs' made a misrepresentation to the Copyright Office that makes its copyright unenforceable.  5 *Patry on Copyright* § 17:127.

As part of its due diligence of Plaintiffs' claims, Smart Cookie Ink obtained the deposit material apparently submitted to the Copyright Office for Reg. No. TX0007143724.  The deposit material consists of over 600 pages of various shapes, numerical and verbal sequences, and geometric figures. The material does not appear to be in any order or to be in a "published" form.

---

the prototype wishbone in order to succeed on its copyright infringement claim because Defendants had access only to the prototype wishbone."

[2] Mercer's August 2, 2012 Response to Smart Cookie Ink's Document Request No. 1.
[3] 17 U.S.C. § 101.

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO DISMISS DEFENDANTS'
AMENDED COUNTERCLAIMS
Case No. 2:12-cv-00188-JLR
Page 8 of 22
5259323

PATTON BOGGS LLP
2550 M ST NW
WASHINGTON, DC  20037
TEL: (202) 457-6000 • FAX: (202) 457-6315

Several pages from that deposit copy are annexed as Exhibits 2-6 to the Lodge Declaration. Mercer therefore may have misled the Copyright Office when it represented that this rather disjointed material had been published.

At this point in the litigation, the presumption of validity no longer exists. Defendants' access to the copyrighted works claimed to have been infringed is uncertain -- those works have not even been identified or linked to any purported copying; the originality of Plaintiffs' works is indefinite and undetermined; the existence of any viable copyright in the Plaintiffs' myriad conglomeration of shapes and short phrases is highly questionable.  In sum, this lawsuit and Plaintiffs' claims continue to be a sham.  If Plaintiff cannot or is unwilling to produce the copyrighted works, then it is clear that Plaintiffs never had a reasonable belief that this action was anything more than objectively baseless and an effort to monopolize the field of preparation for the NNAT and CogAT tests.

### 3. The Amended Counterclaims Assert that Mercer's claims of infringement are substantively baseless.

Even if Mercer could show compliance with the statutory formalities, which is doubtful, the amended counterclaims demonstrate that Mercer's sham infringement claims must fail because Mercer cannot meet the next requirement in an infringement case, that "original elements of a work" have been copied.  As the Second Circuit stated in *Boisson v. Banian, Ltd*, 273 F.3d 262, 267 (2d Cir. 2001):

> Copyright infringement is established by proving "ownership of a valid copyright" and "copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991). **Throughout the following analysis the key consideration is the extent to which plaintiffs' work is original**. *See id.* at 361-64, 111 S.Ct. 1282. [Emphasis Supplied]

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO DISMISS DEFENDANTS'
AMENDED COUNTERCLAIMS
Case No. 2:12-cv-00188-JLR
Page 9 of 22
5259323

PATTON BOGGS LLP
2550 M ST NW
WASHINGTON, DC  20037
TEL: (202) 457-6000 • FAX: (202) 457-6315

Even if Mercer could show valid copyrights, which is highly dubious, its claims of infringement are baseless given the nature of the works involved. As the amended counterclaims note, this case involves prep materials for standardized tests given first and second graders. All the works involved—the standardized CogAT® and NNAT® tests (created and owned by third parties not named in this litigation), the Mercer materials, the Smart Cookie Ink materials, and the TestingMom.com materials – use simple language and test young students on basic concepts and shapes. All the questions are very short and fundamental expressions of the principles being tested.  All the materials address the same subject matter; their scope and format are dictated the nature of the tests themselves. Mercer raised that in its own defense when it was sued for copyright infringement by the creator of the CogAT test, Riverside Publishing. As Mercer then explained: no infringement was possible because the CogAT tests "consist of ideas, procedures, processes, systems, methods of operations, concepts, principles or discoveries that cannot be subject to a valid copyright." *Riverside Publishing Co. v. Mercer Publishing, LLC*, W.D. Wash., Dkt No. 09-CV-00796-RSL (7/31/2009).

As stated in the TestingMom.com amended counterclaims (Dkt. 28, ¶¶ 40-42):

"40. Any similarity between Plaintiffs' materials and Defendants' materials is due to similarities in uncopyrightable ideas, procedures, processes, systems, methods of operation, concepts, principles, facts and/or discoveries, which are not copyrightable subject matter.

41. Any similarity between Plaintiffs' materials and Defendants' materials is due to similarities in the inherently general concepts evaluated by the CogAT and NNAT tests and which are necessary to any explanation of those tests or study guides relating to those tests.

42. Any similarity between Plaintiffs' materials and Defendants' materials is due to uncopyrightable subject matter, principles and concepts that are inherent to the CogAT and NNAT tests, which are creations of third parties, not Plaintiffs. Specifically, the CogAT® (or Cognitive Abilities Test®) is owned by Riverside Publishing, a Houghton Mifflin Harcourt Company; the NNAT® (or Naglieri Nonverbal Ability Test®) is owned by NCS Pearson, Inc. Neither of these third parties is a party to this litigation."

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO DISMISS DEFENDANTS'
AMENDED COUNTERCLAIMS
Case No. 2:12-cv-00188-JLR
Page 10 of 22
5259323

PATTON BOGGS LLP
2550 M ST NW
WASHINGTON, DC  20037
TEL: (202) 457-6000 • FAX: (202) 457-6315

Similar points were made in the Smart Cookie Ink amended counterclaims, Dkt. 29, ¶¶ 7-9.  Mercer's above-quoted position in the Riverside lawsuit -- a suit brought by the creator and owner of the CogAT test -- demonstrates that Mercer understands the inherent flaws in its claims of copyright protection.  As shown by the sample pages of Mercer Deposit material annexed to the Lodge Declaration as Exhibits 2-6 (obtained through Defendants' due diligence), the Mercer material consists of basic shapes, sequences, and short fact statements.  Such material is subject to little if any copyright protection. That fundamental fact exposes Mercer's crusade against Smart Cookie Ink and TestingMom.com as a "sham".

It is a basic tenet of copyright law that facts, basic instructions, forms, short phrases, brief sentences, and basic shapes and sequences are not protectable under Section 102(b) of the Copyright Act, 17 U.S.C. § 102(b). That provision excludes certain subject matter from copyright protection: "In no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work."  See also: 37 C.F.R. § 202.1(a) and Compendium of Copyright Office Practices, Compendium II, § 503.02(a).

For this reason, many cases have denied copyright protection to shapes, recipes, instructions, forms, and the like. See, for example, *Publications International Ltd. v. Meredith Corp.*, 88 F.3d 473 (7th Cir. 1996)(recipes for Dannon yogurt); *Feist Publications, Inc. v. Rural Telephone Service Co.*, 499 U.S. 340 (1991)(telephone directory); *Oriental Art Printing, Inc. v. Goldstar Printing Corp.*, 175 F. Supp. 2d 542 (S.D.N.Y.2001), aff'd in part, app. dismissed in

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO DISMISS DEFENDANTS'
AMENDED COUNTERCLAIMS
Case No. 2:12-cv-00188-JLR
Page 11 of 22
5259323

PATTON BOGGS LLP
2550 M ST NW
WASHINGTON, DC  20037
TEL: (202) 457-6000 • FAX: (202) 457-6315

part, 2002 U.S. App. LEXIS 5754 (2d Cir. 2002)(photographs of Chinese food were unprotectable as non-original "scenes a faire").

Mercer no doubt will point to similarities in a 28-word instruction to children on how to answer questions as justifying its claims of copyright infringement against Smart Cookie Ink. The challenged instruction is: "Look at the first three pictures. How are they alike? Look at the answer choices and choose the picture that is most similar to the first three pictures." It appeared one time in a 289-page Smart Cookie Ink book aimed at 6-7 year olds, "4 Practice Tests for the CogAT - Grade 2."  Such instructions are functional and do not exhibit sufficient originality or creativity to merit copyright protection. For that reason, courts consistently reject copyright claims involving instructions. For example, in *National Nonwovens, Inc. v. Consumer Products Enterprises, Inc.,* 397 F.Supp.2d 245 (D. Mass. 2005), the court found that instructions for boiling wool were not subject to copyright protection because the instructions were functional and merely described how to perform a process.

The court also denied copyright protection to the instructions under the merger doctrine, finding that there are relatively few ways to explain the wool boiling process. *Id*. Under the merger doctrine, expressions are not accorded copyright protection where there are so few ways of expressing a given idea that protection of the expression would effectively provide protection to the idea itself.  See, e.g., *Morrissey v. Procter & Gamble Co.*, 379 F.2d 675 (1st Cir. 1967)(contest rules not protected by copyright due to the merger doctrine, as the there are only a limited number of ways to give instructions for entry and other contest). See also, *Nimmer on Copyright* § 3.03[b][3].

Both Section 102(b) of the Copyright Act and the merger doctrine render Mercer's claims about the test instructions baseless. Mercer is well aware of these limitations under copyright

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO DISMISS DEFENDANTS'
AMENDED COUNTERCLAIMS
Case No. 2:12-cv-00188-JLR
Page 12 of 22
5259323

PATTON BOGGS LLP
2550 M ST NW
WASHINGTON, DC  20037
TEL: (202) 457-6000 • FAX: (202) 457-6315

1   law.  Smart Cookie Ink explained the reasons that Mercer's copyright claims lacked any merit

2   well prior to institution of this lawsuit.  See Att. 5  to Smart Cookie Ink Amended Counterclaims

3   (Dkt. 29)(November 4, 2011 letter to Mercer's counsel Lory Lybeck from Smart Cookie Ink's

4   counsel Deborah Lodge).

5       Mercer nevertheless plowed on and pursued its spurious claims against the Smart Cookie

6   Ink Defendants and the TestingMom.com Defendants with a vengeance— making faulty and

7   flawed claims to third parties and to the Court, and besmirching TestingMom.com's reputation in

8   the press.  The result has been disastrous for Smart Cookie Ink and TestingMom.com – for

9   example, Smart Cookie Ink has been shut down and is banned from CreateSpace. This case is a

10  textbook example of sham litigation premised on objectively baseless claims.

11      **B. *Mercer intended to Impede Competition from Smart Cookie Ink or Testingmom.com*.**

12

13

14      The Amended Complaint also asserts numerous facts establishing that Mercer's actions

15  were intended to interfere directly with the Defendants' business relationships. Thus, the Smart

16  Cookie Ink Amended Complaint lists the multiple take-down notices sent to Smart Cookie Ink's

17  publisher CreateSpace, primary retailer Amazon.com and Internet Service Provider iPowerweb –

18  all designed to get the competitive Smart Cookie Ink works taken off the market. Those take-

19  down letters were effective: all Smart Cookie Ink works were taken off sale and the Smart

20  Cookie Ink Defendants banned from CreateSpace until resolution of this dispute.  Dkt. 29, ¶¶ 14,

21  21-23, 106-109, *passim*. Mercer's anticompetitive animus is further demonstrated by Mercer's

22  use of form-letters used for the take-down letters, which reveal a lack of any meaningful

23  analysis, and Mercer's practice of making similar infringement threats to other entities that dared

24  to try to sell test prep materials for the same tests.  Id., ¶ 27.  Mercer has not only gone after

25

26

27  DEFENDANTS' OPPOSITION TO PLAINTIFFS'                      PATTON BOGGS LLP
    MOTION TO DISMISS DEFENDANTS'                                    2550 M ST NW
    AMENDED COUNTERCLAIMS                                    WASHINGTON, DC  20037
    Case No. 2:12-cv-00188-JLR                          TEL: (202) 457-6000 • FAX: (202) 457-6315
    Page 13 of 22
    5259323

Smart Cookie Ink and TestingMom.com, but also after other erstwhile competitors as well as against the creator of the CogAT test, Riverside Publishing.  Id. These facts all demonstrate that Mercer's intent is to stamp out competition.

Similar threats and actions were taken against TestingMom.com, again for the purpose of inhibiting fair competition. Mercer sent TestingMom.com a strong cease and desist letter, and threatened to send a take-down notice to the TestingMom.com webmaster (see Dkt. 28, ¶ 61-63). Such a threat was powerful, as TestingMom.com is an online provider of many kinds of test preparation products and study guides, for children from kindergarten through grade school. Id., ¶58. Being shut down due to a spurious copyright claim could result in halting all the TestingMom.com business.  The only reason for pressing such claims is to harm would-be competitors in this small market of young student test preparation materials. As the TestingMom.com amended complaint asserts (Dkt 28, ¶ 91):

> Plaintiffs/Counter-Defendants' false and objectively baseless accusations that the TestingMom.com materials infringe its copyrights are further evidence and a part of Plaintiffs/Counter-Defendants' unfair and anticompetitive practices designed to harass and discourage any competitors from publishing any study guides relating to the CogAT and/or NNAT tests and must be viewed as sham litigation.

Defendants' amended counterclaims firmly establish Mercer's anticompetitive intent and purpose in asserting its sham claims in the take-down letters and threats, in the cease and desist letters, and in this lawsuit.  The Defendants therefore satisfy the second prong of the Noerr Pennington sham exception test under *Prof'l Real Estate Investors, Inc.*, *supra*.

### C. *Mercer's Motion to Invoke the Noerr Pennington Doctrine should be denied.*

For the above reasons, and in view of the specific facts asserted in the Counterclaims, Plaintiff Mercer's motion to dismiss the counterclaims should be denied. Defendants have met

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO DISMISS DEFENDANTS'
AMENDED COUNTERCLAIMS
Case No. 2:12-cv-00188-JLR
Page 14 of 22
5259323

PATTON BOGGS LLP
2550 M ST NW
WASHINGTON, DC  20037
TEL: (202) 457-6000 • FAX: (202) 457-6315

1    the standard of showing that Mercer's action is a sham as its copyright claims are objectively

2    baseless and made in order to interfere directly with the Defendants' business relationships. See

3    Dkt. 27, Order at 9, citing *Prof'l Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.*,

4    508 U.S. 49, 60-61 (1993).

5         Alternatively, Mercer's Noerr Pennington motion should be denied with leave to reassert

6    it later. As several courts have noted, whether actions are a "sham" is a question of fact that it

7    exceedingly difficult to determine in the context of a motion to dismiss. See, e.g., *Hydranautics

8    v. FilmTec Corp.*, 70 F.3d 533, 535 (9th Cir. 1995)(declining to apply the Noerr- Pennington

9    doctrine to dismiss a case involving fraudulent patent procurement);  *Clipper Exxpress v. Rocky

10   Mountain Motor Tariff Bureau, Inc.*, 690 F.2d 1240, 1260 (9th Cir. 1980). Thus, in *Wabash Pub.

11   Co. v. Flanagan*, 1990 U.S. Dist. LEXIS 2102 (N.D. Ill 1990), the court declined to dismiss

12   claims for unfair competition on Noerr Pennington grounds. The court noted: "Whether conduct

13   is a genuine attempt to influence government action or avail oneself of judicial process or instead

14   is merely a sham, is a question of fact. Thus, this [Noerr-Pennington doctrine] is a particularly

15   inappropriate challenge on a motion to dismiss."  *Flanagan*, 1990 U.S. Dist. LEXIS 2102  at *11

16   (citing Clipper Exxpress, 690 F.2d 1240 (9th Cir.)).  Defendants should be given the opportunity

17   to prove their counterclaims to obtain redress for the harm they have suffered as a result of

18   Mercer's spurious claims.

19

20   **II. Defendants' Lanham Act Claims Are Properly Pleaded: Defendants have
     standing and have pleaded sufficient facts to support the claims under Section 43(a) of the
     Lanham Act.**

21

22        Plaintiffs' motion to dismiss the Defendants' Lanham Act claims also should be denied.

23   While Plaintiffs correctly articulate the standard for claims under Section 43(a) of the Lanham

24   Act, their strained interpretation of that standard should be rejected. Plaintiff Mercer directly

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO DISMISS DEFENDANTS'
AMENDED COUNTERCLAIMS
Case No. 2:12-cv-00188-JLR
Page 15 of 22
5259323

PATTON BOGGS LLP
2550 M ST NW
WASHINGTON, DC  20037
TEL: (202) 457-6000 • FAX: (202) 457-6315

competes with both Defendant Smart Cookie Ink and TestingMom.com—they create and sell materials concerning the same specific standardized tests, the CogAT and NNAT tests, and sell over the Internet. See, e.g., Dkt. 28, ¶¶67, 68, 90; Dkt. 29, ¶¶ 25, 26, 33.  Defendants have already suffered, and are likely to continue to suffer, harm due to Plaintiffs' false statements and false advertising claims, including diverted or misled potential customers, and tarnished reputations. See, e.g., Dkt. 28, ¶¶ 75, 84; Dkt. 29, ¶¶ 133. The statements go far beyond mere "puffing" but are measurable and strong claims that are material to a consumer.

**A. Defendants have standing to bring the Lanham Act claims**.

In the Ninth Circuit, to have standing to bring a claim under the "false advertising" prong of Section 43(a), a plaintiff must allege: (1) commercial injury based upon a misrepresentation about a product, and (2) that the injury was "competitive," or harmful to the plaintiff's ability to compete with the defendant. *Barrus v. Sylvania*, 55 F.3d 468, 470 (9th Cir. 1995).  Competitive injury does not need to be shown in the form of specific lost customers or dollars. "We have generally presumed commercial injury when defendant and plaintiff are direct competitors and defendant's misrepresentation has a tendency to mislead consumers." *TrafficSchool. com, Inc. v. Edriver Inc.*, 653 F. 3d 820, 826 (9th Cir. 2011).  The focus of the "competitive injury" inquiry is "whether the statements in issue tended to divert business from the plaintiff to the defendant." *National Services Group, Inc. v. Painting & Decorating Contractors of America, Inc.*, No. SACV06-563CJC, 2006 WL 2035465, at *4 (C.D. Cal. July 18, 2006).  Because of the possibility that a competitor may suffer future injury, a competitor need not prove actual injury when suing under Section 43(a). *See Harper House, Inc. v. Thomas Nelson, Inc.*, 889 F. 2d 197, 210 (9th Cir. 1989).

Those standards are amply met in this case.

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO DISMISS DEFENDANTS'
AMENDED COUNTERCLAIMS
Case No. 2:12-cv-00188-JLR
Page 16 of 22
5259323

PATTON BOGGS LLP
2550 M ST NW
WASHINGTON, DC  20037
TEL: (202) 457-6000 • FAX: (202) 457-6315

**1. TestingMom.com has standing and has provided sufficient facts to assert a Lanham Act claim.**

Contrary to Plaintiffs' assertion, the false statement about TestingMom.com made by Mercer on the DNAinfo.com website must be viewed as "commercial speech." It was asserted 1) against TestingMom.com's products, 2) as part of a commercial advertising or promotion, and 3) resulted in TestingMom.com's suffering of competitive injury.

First, contrary to Plaintiffs' arguments, the article, and the comment following it refer to TestingMom.com products.  The article states:

> Bright Kids NYC, TestingMom.com, Aristotle Circle and others are already offering test *prep classes or materials* to help children get ready for the Naglieri.[4] (Italics added).

The comment also refers to these materials:

> It is concerning that the folks at TestingMom.com are not aware of this while at the same time they claim to be experts on the Naglieri exam. If you are going to prepare your child for the NNAT exam, be certain that the preparation *materials* you use have questions in the format of the exam. Otherwise, preparing in advance may hurt your child's score rather than help it.[5] (Italics added).

Second, although the comment is not in a typical advertising format, it qualifies as "commercial speech".  The language refers to a commercial product, was made in a commercial context to promote Plaintiffs' products, and the Plaintiffs had an economic or commercial motivation for making the statements.  *See New.Net, Inc. v. Lavasoft*, 356 F. Supp. 2d 1090, 1111 (C.D. Cal. 2004) (not all three factors of the Supreme Court's test need to be present for speech to be commercial); *see also Coastal Abstract Service, Inc. v. First American Title Ins. Co.*, 173 F.3d 725, 735 (9th Cir. 1999)(the statement need not be made in a "classic advertising campaign," and may consist of less formal types of "promotion.")

---

[4] *See* Doc. 28-2.
[5] *Id.*

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO DISMISS DEFENDANTS'
AMENDED COUNTERCLAIMS
Case No. 2:12-cv-00188-JLR
Page 17 of 22
5259323

PATTON BOGGS LLP
2550 M ST NW
WASHINGTON, DC  20037
TEL: (202) 457-6000 • FAX: (202) 457-6315

Finally, the false and deceptive comment was intentionally made to divert business away from TestingMom.com to the Plaintiffs' website and products.  An image of Mercer's products can clearly be seen, and clicking on "Mercer Publisher" links to a Facebook page.[6]

Plaintiffs' reliance on *Bernard v. Donat*, 2012 WL 525533 (N.D.Cal. February 16, 2012) is inapposite here.  In *Bernard*, the court noted that the plaintiff "does not allege that plaintiff and defendant are commercial competitors, nor that defendant's statements were made for the purpose of inducing customers to buy defendant's goods or services.  Moreover, the complaint fails to show that defendant's statements are "commercial speech" as defined under First Amendment doctrine."  *Bernard*, 2012 WL 525533, at *3.  TestingMom.com's pleadings do not suffer from these deficiencies.

In sum, TestingMom.com has made the required showing that it has standing.  Furthermore, TestingMom.com has demonstrated that the comment made on the website DNAInfo.com provides the Court with sufficient facts to infer that the Plaintiffs are liable for false advertising under the Lanham Act.

**2. Smart Cookie has standing and alleged facts that establish "commercial" and "competitive" injury**

Smart Cookie likewise has made the required showing for both standing and a prima facie claim of false advertising under the Lanham Act.  The challenged statements, appearing on Amazon.com's listings for Plaintiffs' CogAT and NNAT materials read:

> Mercer Publishing has the *only* available practice materials in the format of the CogAT exam. (Italics added).
> ..

---

[6] *See* Mercer Publisher, http://www.facebook.com/mercer.publisher (last visited September 17, 2012). The Facebook page contains the description "www.mercerpublishing.com We provide CogAT and NNAT Practice Test Books for the Gifted Program Entry Exams that offer similar questions and test formats to the actual tests. These books are invaluable tools for your child!"

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO DISMISS DEFENDANTS'
AMENDED COUNTERCLAIMS
Case No. 2:12-cv-00188-JLR
Page 18 of 22
5259323

PATTON BOGGS LLP
2550 M ST NW
WASHINGTON, DC  20037
TEL: (202) 457-6000 • FAX: (202) 457-6315

Mercer Publishing has the *only* available practice materials in the format of the NNAT exam. (Italics added). [7]

Plaintiffs do not deny making these statements. Instead, they argue that these statements were published in 2008, before Smart Cookie Ink had entered the market. Thus, they assert, Smart Cookie could not have suffered any "commercial" or "competitive" injury.[8]

Plaintiffs' argument is specious. Plaintiffs and Smart Cookie Ink are direct competitors in the market for CogAT and NNAT test preparation materials. See, e.g., Dkt. 29, ¶¶ 23, 27 – or at least they would be direct competitors if Mercer had not used take-down notices to manipulate Smart Cookie Ink's key retailer Amazon.com into taking Smart Cookie Ink works off sale, thereby removing a competitive threat.  See, e.g., Dkt. 29, ¶¶ 42, 45, 70.  It is ironic indeed that Mercer's false "exclusivity" statements are made even now on Amazon.com, a primary recipient of the take-down notices making false infringement claims against all Smart Cookie Ink books. Moreover, the potential for competitive injury as a result of these misleading statements is obvious. Claims of exclusivity are verifiable and significant to consumers. By claiming that Plaintiffs are the exclusive providers of CogAt and NNAT practice materials, potential customers are likely to purchase the materials from Plaintiffs, instead of looking elsewhere, to Smart Cookie or TestingMom.com, for alternative materials.  The potential for that harm continues, so long as such misleading statements remain on Amazon.com.  These allegations demonstrate that Smart Cookie has suffered and will likely suffer both a commercial injury and a competitive injury. *See TrafficSchool. com, Inc.*, 653 F. 3d at 826 (commercial injury is presumed when defendant and plaintiff are direct competitors and defendant's misrepresentation

---

[7] *See* Dkt. 29, ¶ 121; Dkt. 29 at 2.
[8] *See* Dkt. 32, ¶ 2b.

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO DISMISS DEFENDANTS'
AMENDED COUNTERCLAIMS
Case No. 2:12-cv-00188-JLR
Page 19 of 22
5259323

PATTON BOGGS LLP
2550 M ST NW
WASHINGTON, DC  20037
TEL: (202) 457-6000 • FAX: (202) 457-6315

has a tendency to mislead consumers); *see also National Services Group, Inc.*, No. SACV06-563CJC, 2006 WL 2035465, at *4 (whether the statements in issue tended to divert business from the plaintiff to the defendant is the focus of the "competitive injury" inquiry under the Lanham Act.)

Plaintiffs further urge the Court to take judicial notice that: "Plaintiffs have no ability or duty to monitor and edit the site contents subsequent to initial submission of product information."[9]  Mercer's attempt to duck any responsibility to ensure truth in its advertising is appalling. Amazon's Terms of Service specifically states: "Amazon has the right but not the obligation to monitor and edit or remove any activity or content."[10] If a seller wishes to edit or modify its listing, Amazon provides a tool to Find and Fix Listings.[11]

In sum, Smart Cookie has made the required showing that it has standing.  In addition, Smart Cookie has pled sufficient facts to allow the Court to draw the inference that the Plaintiffs are liable for false advertising under the Lanham Act.  Defendants' Lanham Act counterclaims should remain in this case.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to dismiss Defendants' amended counterclaims in this case should be denied.

---

[9] *See* Plaintiff's Motion to Dismiss Amended Counterclaims, Dkt. 32, Fn. 2.
[10] *See* Amazon.com Help: Conditions of Use,
http://www.amazon.com/gp/help/customer/display.html/?nodeId=508088 (last visited September 17, 2012).
[11] *See* Amazon.com, Amazon Services Seller Central, https://sellercentral.amazon.com/gp/sign-in/sign in.html?destination=https%3A%2F%2Fsellercentral.amazon.com%2Fmyi%2Fsearch%2FDefectListingsSummary (last visited September 17, 2012).

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO DISMISS DEFENDANTS'
AMENDED COUNTERCLAIMS
Case No. 2:12-cv-00188-JLR
Page 20 of 22
5259323

PATTON BOGGS LLP
2550 M ST NW
WASHINGTON, DC  20037
TEL: (202) 457-6000 • FAX: (202) 457-6315

1

Respectfully submitted,

2

3

DATED this 17th day of September, 2012.

4

By:/s/ Deborah M. Lodge                    By: /s/ Rex B. Stratton

5

Deborah M. Lodge, Admitted *Pro Hac Vice*    Rex B. Stratton, WSBA No. 1913

6

PATTON BOGGS LLP                             STRATTON LAW & MEDIATION P.S.
2550 M. Street, NW                           18826 Robinwood Road SW

7

Washington, DC  20037                        P.O. Box 636, Vashon, WA  98070
Ph:     202-457-6030                         Ph:     206-682-1496

8

Fax:    202-457-6315                         Fax:    206-260-3816
Email: dlodge@pattonboggs.com                Email: stratton@rbs-law.com

9

ATTORNEYS AND TRIAL COUNSEL FOR              TRIAL   COUNSEL   FOR   DEFENDANTS

10

DEFENDANTS SMART COOKIE INK AND              TESTINGMOM.COM,  MS.  QUINN  AND
DEEPA RAJAGOPAL                              MR MCCURDY; LOCAL COUNSEL FOR

11

                                             DEFENDANTS SMART COOKIE INK AND
                                             DEEPA RAJAGOPAL

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

DEFENDANTS' OPPOSITION TO PLAINTIFFS'                          PATTON BOGGS LLP
MOTION TO DISMISS DEFENDANTS'                                     2550 M ST NW
AMENDED COUNTERCLAIMS                                  WASHINGTON, DC  20037
Case No. 2:12-cv-00188-JLR                TEL: (202) 457-6000 • FAX: (202) 457-6315
Page 21 of 22
5259323

1

## <u>CERTIFICATE OF SERVICE</u>

2

3      I hereby certify that on September 17, 2012, I served the foregoing document on

4      the following by electronic mail:

5

6      Lory R. Lybeck
       Benjamin R. Justus
7      Lybeck Murphy, LLP
       Fifth Floor Chase Bank Building
8      7900 SE 28th Street
       Mercer Island, WA  98040
9      lrl@lybeckmurphy.com
       brj@lybeckmurphy.com
10

11     ATTORNEYS FOR PLAINTIFFS

12

13                                              /s/ Deborah M. Lodge_____
                                                Deborah M. Lodge
14                                              Patton Boggs LLP
                                                Email: dlodge@pattonboggs.com
15

16

17

18

19

20

21

22

23

24

25

26

27

DEFENDANTS' OPPOSITION TO PLAINTIFFS'                    PATTON BOGGS LLP
MOTION TO DISMISS DEFENDANTS'                                   2550 M ST NW
AMENDED COUNTERCLAIMS                                  WASHINGTON, DC  20037
Case No. 2:12-cv-00188-JLR                   TEL: (202) 457-6000 • FAX: (202) 457-6315
Page 22 of 22
5259323