1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10   MERCER PUBLISHING, INC. et al.,          CASE NO. C12-0188JLR

11                     Plaintiffs,            ORDER DENYING MOTION TO
                                              DISMISS
12          v.

13   SMART COOKIE INK, LLC, et al.,

14                     Defendants.

15          This matter comes before the court on Plaintiffs' motion to dismiss Defendants'

16   amended counterclaims.  (Mot. (Dkt. # 32).)  The court previously granted a similar

17   motion to dismiss (7/25/12 Order (Dkt. # 27)), but Defendants have since amended their

18   counterclaims (*See* 2d Am. Ans. (Dkt # 29)).  The court finds that Defendants'

19   amendments are sufficient such that their counterclaims now survive this motion to

20   dismiss.  The court DENIES Plaintiffs' motion (Dkt. # 32) being fully advised, having

21   considered the governing law, the record, the submissions of the parties, and no party

22   having requested oral argument.

ORDER- 1

1    Plaintiffs make two separate arguments in this motion:  first that Defendants'

2    counterclaims for tortious interference and violation of the Washington Consumer

3    Protection Act (CPA) are barred by the *Noerr-Pennington* doctrine, and second that

4    Defendants' claims under the Lanham Act should be dismissed.

5    **I.     The *Noerr-Pennington* Doctrine**

6        In a previous order, the court dismissed certain counterclaims brought by Smart

7    Cookie Ink, LLC ("Smart Cookie") against Plaintiffs Mercer Publishing Inc. ("Mercer")

8    and Rachel and Michael Hubbard.  (7/25/12 Order at 15.)  Specifically, the court held that

9    several of Smart Cookie's counterclaims were barred by the *Noerr-Pennington* doctrine,

10   a First Amendment principle that protects the right to petition the government for a

11   redress of grievances.  *See Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 929 (9th Cir. 2006);

12   (*see id.* at 5-10.)  The *Noerr-Pennington* doctrine operates by shielding litigants from

13   claims related to filing litigation.  *Sosa*, 437 F.3d at 929.  The essence of *Noerr-*

14   *Pennington* is that you can't be sued for suing someone else unless certain conditions

15   apply.  *See id.*  In its previous order, the court dismissed three of Smart Cookie's

16   counterclaims—a CPA claim and two tortious interference claims—because they

17   burdened litigation-like activity protected by *Noerr-Pennington* and none of the

18   conditions eliminating immunity applied.  (7/25/12 Order at 15.)  The court held that

19   12(b)(6) dismissal was appropriate because Defendants had not alleged facts that, if

20   proven true, would circumvent *Noerr-Pennington* immunity.  (*Id.* at 9-10, 15.)

21

22

1    Now, in their amended answers,[1] Defendants have alleged those facts. (*See*

2  *generally* 2d Am. Ans.)  Specifically, they have alleged facts that if true would

3  demonstrate that an exception to *Noerr-Pennington* applies that would bar immunity.

4  (*See id.*)  The exception is the "sham litigation" exception, under which a lawsuit can be

5  brought against litigation activities that are "objectively baseless." *Prof'l Real Estate*

6  *Investors, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 57 (1993).  Objectively

7  baseless litigation is defined as litigation in which "no reasonable litigant could

8  realistically expect success on the merits." *Id.*  Defendants allege that the sham litigation

9  exception applies here because Plaintiffs could not reasonably have expected to succeed

10  on the merits of the copyright infringement claims underlying their previous litigation-

11  like activities. (2d Am. Ans. at 7-9.)  In particular, Defendants allege that Mercer's

12  copyright claim was objectively baseless because Mercer did not hold a valid copyright, a

13  prerequisite for success in copyright litigation:

14     Plaintiffs' copyright claims are objectively baseless for multiple reasons,
       including:

15

16     a. Plaintiffs' copyright claims are objectively baseless because Plaintiffs
          have not demonstrated, and cannot demonstrate ownership of valid
          copyrights, or that they have complied with the requirements for
17        obtaining valid registrations with the U.S. Copyright Office, as required
          by 17 U.S.C. § 411 prior to instituting a suit for copyright infringement.

18

19     b. Plaintiffs have continued to refuse Defendants' repeated requests for
          information needed to determine the validity of the copyright

20

21     _____

       [1] These cases have been consolidated, but Defendants Testingmom.com, Inc., and Smart
       Cookie have filed separate answers that, for purposes of this motion, allege sufficiently similar
22     facts that the court considers them together. (*See* 2d Am. Ans.; Testingmom.com's 1st Am. Ans.
       (Dkt. # 28).)

registrations being asserted, including complete applications therefore and deposit materials submitted therewith, on which plaintiffs purportedly base their infringement claims, and have failed to identify with specificity the alleged infringements.

c. On information and belief, Plaintiffs knowingly made material misrepresentations to the Copyright Office in connection with their applications for copyright registration, for example by seeking to register, as "published" material, material that had not yet been published by sale, lease or lending to the public, and seeking registration for works that consist of material that is not original with Plaintiffs, such as clipart, and failing to disclaim the same on the applications for copyright registration.

d. Due to such misrepresentations in Mercer's applications for copyright registration, Plaintiffs do not have valid copyright registrations on which to base copyright infringement claims, which renders their copyright claims objectively baseless.

e. Plaintiffs' copyright claims are objectively baseless because the allegedly infringed material is not sufficiently original or creative to qualify for copyright protection.

   i. By way of example, Plaintiffs' material consists of standard shapes, forms, formats, short phrases and other material which is not sufficiently creative or original to qualify for copyright protection.

f. Plaintiffs knew, or should have known, that the allegedly infringed material does not qualify for copyright protection because it is expression that has merged with the underlying ideas expressed.

   i. By way of example, Plaintiff has asserted infringement of instructions for answering standardized test questions geared to first and second graders, which instructions are so simple and straightforward that no copyright protection is available.

g. Plaintiffs' copyright claims are objectively baseless because the allegedly infringed material consists of expressions that are indispensable to standardized test preparation materials and questions for first and second graders, such that they do not qualify for copyright protection under the scenes a faire doctrine.

ORDER- 4

1

2  h. Plaintiffs' copyright claims are objectively baseless because the material which Plaintiffs claim to have been infringed did not originate with Plaintiffs but with the respective publishers of the CogAT® and NNAT® tests, neither of which are owned or licensed by Plaintiffs.

3

4  i. Plaintiffs' copyright claims are objectively baseless because the material which Plaintiffs claim to have been infringed did not originate with Plaintiffs but consists of clip art or other material that is in the public domain or for which the copyright is held by third parties other than Plaintiffs.

5

6

7 (*Id.*)  There can be no doubt that, if all of these facts were proven true, Defendants

8 would have no *Noerr-Pennington* immunity because their copyright claim would

9 be objectively baseless.  If Mercer had no valid copyright, it would not be

10 reasonable for it to expect to succeed on the merits.  *See* 17 U.S.C. § 411.  We

11 must accept the Defendants' facts as true on this 12(b)(6) motion.  *Ashcroft v.*

12 *Iqbal*, 556 U.S. 662, 678 (2009).  Accordingly, *Noerr-Pennington* does not

13 immunize Mercer from suit at this time because, under Defendants' version of the

14 facts, the sham litigation exception applies.  Mercer's motion is DENIED.

15 **II. Lanham Act Claims**

16   Mercer further moves to dismiss Defendants' false advertising counterclaims.

17 (Mot. at 12-19.)  Defendants have alleged false advertising counterclaims under the

18 Lanham Act, a federal statute designed to protect trademarks and eliminate deception and

19 confusion in commerce.  *See Parfums Givenchy, Inc. v. Drug Emporium, Inc.*, 38 F.3d

20 477, 484 (9th Cir. 1994).  Mercer makes two arguments for dismissal of these claims,

21 arguing first that they should be dismissed under Rule 12(b)(6) for failure to state a claim,

22 and second that Defendants lack standing to bring their claims.  (Mot. at 12-19.)

1        But Mercer's arguments hold up only if we accept Mercer's version of the facts.

2 Each of Mercer's arguments turns on a disputed question of fact. (*See id.*)  For example,

3 Mercer argues that Defendants have not made out a prima facie Lanham Act false

4 advertising claim because the alleged false advertising did not include a "false statement

5 of fact" and was not made "in commercial advertising or promotion" as required by the

6 Lanham Act. *See id; see also Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d

7 829, 835 n.4 (9th Cir. 2002) (listing elements of Lanham Act false advertising claim).

8 These are both factual inquiries that cannot be resolved on a 12(b)(6) motion.

9 Defendants allege contrary facts that flatly rebut the factual reality on which Mercer

10 depends, undermining Mercer's arguments. (*See* Resp. at 15-20.)  The court must accept

11 Defendants' factual allegations as true on Plaintiffs' 12(b)(6) motion to dismiss. *See*

12 *Iqbal*, 556 U.S. at 678.  This same reasoning applies to all of Plaintiffs' arguments for

13 dismissing Defendants' Lanham Act claims, and accordingly, the court DENIES

14 Plaintiffs' motion to dismiss these claims.

15        Dated this 11th day of November, 2012.

JAMES L. ROBART
United States District Judge

ORDER- 6