UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MERCER PUBLISHING INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SMART COOKIE INK, LLC, et al.,<br><br>Defendants. | CASE NO. C12-0188JLR<br><br>ORDER DENYING SUMMARY JUDGMENT |
| MERCER PUBLISHING INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TESTINGMOM.COM, LLC, et al.,<br><br>Defendants. | CASE NO. C12-0550JLR |

This matter comes before the Court on a motion for summary judgment brought by Defendants Smart Cookie Ink, LLC ("Smart Cookie"), and TestingMom.com, LLC ("TestingMom"). (Mot. (Dkt. # 46).) Defendants make test preparation materials for

ORDER- 1

elementary-aged children taking standardized academic placement tests—so do Plaintiffs Mercer Publishing Inc. ("Mercer") and its members. Mercer sued Defendants for copyright infringement, alleging that Defendants copied Mercer's test preparation materials. (*See generally* 12-0188 Compl. (12-0188 Dkt. # 1); 12-0550 Compl. (12-0550 Dkt. # 1).) Defendants now move for summary judgment against Mercer. However, Defendants' principal argument for summary judgment is flawed, undermining the remainder of their arguments. There are still genuine issues of material fact in this case preventing the court from deciding the claims as a matter of law, and as such, summary judgment is not appropriate at this time. Considering itself fully advised, having considered the governing law, the record, and the submissions of the parties, the court DENIES the motion (Dkt. # 46).

## I. FACTUAL BACKGROUND

The parties disagree substantially about the substance of their claims in this case and about the facts underlying those claims. Mercer claims that TestingMom and Smart Cookie have illegally distributed practice exams and related materials in violation of Mercer's copyrights.[1] (*See generally* 12-0188 Compl.; 12-0550 Compl.) In response, Defendants counterclaim that Mercer illegally marginalizes competition through false accusations of infringement and by sending unwarranted cease-and-desist letters and take-down notices. (*See generally* 12-0550 Ans. (12-0550 Dkt. # 8); 12-0188 Ans. (12-

---

[1] Mercer originally filed separate complaints against Smart Cookie and TestingMom, but the court consolidated the two suits for pre-trial purposes on May 31, 2012. (*See* 12-0188 Dkt. # 20; 12-0550 Dkt. # 19.)

ORDER- 2

0188 Dkt. # 13).) For the most part, this motion challenges only a specific aspect of Mercer's claim: that Mercer never registered its copyrights and therefore cannot prosecute an action for infringement.

## II. ANALYSIS

### A. Summary Judgment Standard

Summary judgment is appropriate only if the evidence, when viewed in the light most favorable to the non-moving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Galen v. Cnty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007). The moving party bears the initial burden of showing there is no genuine issue of material fact and that he or she is entitled to prevail as a matter of law. *Celotex*, 477 U.S. at 323. If the moving party meets his or her burden, then the non-moving party "must make a showing sufficient to establish a genuine dispute of material fact regarding the existence of the essential elements of his case that he must prove at trial" in order to withstand summary judgment. *Galen*, 477 F.3d at 658.

> [T]he issue of material fact required by Rule 56(c) to be present to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; rather, all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial.

ORDER- 3

*First Nat. Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968). The court is "required to view the facts and draw reasonable inferences in the light most favorable to the [non-moving] party." *Scott v. Harris*, 550 U.S. 372, 378 (2007).

**B.     Defendants' Principal Argument For Summary Judgment is Flawed**

Defendants make one primary argument in this motion: that summary judgment is appropriate because there is no genuine issue of material fact that Mercer failed to validly register its copyrights, a prerequisite to filing a copyright infringement action. (Memo. of Points and Authorities (Dkt. # 46-1) at 6-8.) Defendants argue that Mercer cannot bring a copyright action without proving it validly registered its copyright. (*Id.*) Thus, Defendants' entire argument rests upon the premise that there is no dispute that Mercer failed to register its copyrights (i.e., that there is no genuine issue of material fact on this point). (*See id.*)

But this is demonstrably false—Mercer vigorously disputes this fact and supports its claim with summary judgment evidence. (Response (Dkt. # 52) at 4-7; Decl. of Rachel Hubbard (Dkt. # 53) Ex. A.) A genuine issue of material fact exists if there is "sufficient evidence supporting the claimed factual dispute" so as to require "a jury or judge to resolve the parties' differing versions of the truth at trial." *First Nat. Bank*, 391 U.S. at 288-89. Valid copyright registration is typically established by producing a copyright registration certificate. *See* 17 U.S.C. § 410(c) ("[T]he certificate of registration . . . shall constitute prima facie evidence of the validity of the copyright . . . ."). Here, Mercer has produced copyright registration certificates for all of the allegedly infringed copyrights. (Decl. of Rachel Hubbard Ex. A.) Defendants do not

ORDER- 4

dispute the authenticity of these documents, nor do they present any evidence to rebut them. (*See generally* Memo. of Points and Authorities)  Therefore, Mercer has made a *prima facie* case of valid copyright registration and has provided sufficient evidence that this factual dispute should be resolved at trial.

Defendants wrongly argue that Mercer's dispute is not genuine because Mercer can prove valid registration only by producing "deposit copies" of the allegedly infringed works. A "deposit copy" is a duplicate of the copyrighted work that applicants are required to deposit with the Copyright Office when they apply for copyright protection. *See generally* 2 M. NIMMER & D. NIMMER, NIMMER ON COPYRIGHT § 7.17 (2012). Defendants provide no authority to support the novel proposition that a deposit copy is required to prove copyright ownership. Indeed, the language of the copyright statute suggests the opposite is true, *see* 17 U.S.C. § 410(c) ("[T]he *certificate of registration* . . . shall constitute prima facie evidence of the validity of the copyright . . . .") (emphasis added), and case law suggests the same. *Thomas v. Artino*, 723 F. Supp. 2d 822, 830 (D. Md. 2010) (rejecting the argument that copyright plaintiff must produce deposit copy to prove copyright registration). The court rejects Defendants' argument.

### C. Defendants' Additional Arguments for Summary Judgment Also Fail

Defendants make several other arguments for summary judgment, but these arguments are constructed in such a way that, the first argument having failed, the rest must fail as well. (*See* Memo. of Points and Authorities at 11, 17.) Defendants' other arguments all focus on just one copyright: the sole copyright for which Defendants were

able to obtain a deposit copy. (*See id.*) Defendants limited their arguments in this way because they assumed all other copyright claims would be dismissed on summary judgment for the reasons rejected above. (Reply (Dkt. # 60) at 2.) This has not happened. In light of this, the court finds that it would be at best unhelpful and at worst impossible to rule on the remainder of Defendants' arguments without knowing how they apply to all of the copyrights at issue.

### III. CONCLUSION

For the foregoing reasons, the court DENIES Defendants' motion for summary judgment (Dkt. # 46).

Dated this 21st day of November, 2012.

JAMES L. ROBART
United States District Judge

ORDER- 6