UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MERCER PUBLISHING, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SMART COOKIE INK, LLC, et al.,<br><br>Defendants. | CASE NO. C12-0188JLR<br><br>ORDER ON DEFENDANTS' MOTION IN LIMINE |
| MERCER PUBLISHING, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TESTINGMOM.COM, LLC, et al.,<br><br>Defendants. | CASE NO. C12-0550JLR |

This matter comes before the court on a motion in limine to exclude Plaintiffs' chief expert witness brought by Defendants Smart Cookie Ink, LLC, TestingMom.com, LLC (collectively "Defendants"), against Plaintiffs Mercer Publishing, Inc., and its

ORDER- 1

founders (collectively, "Plaintiffs"). (Mot. (Dkt. # 70).) This case is becoming a cautionary tale about what can happen when opposing attorneys struggle to communicate and work together to prepare a case for trial. First, a month ago, a discovery dispute over "deposit copies" deprived the parties of their opportunity to clarify critical issues of law before trial. (*See* 11/21/12 Order (Dkt. # 66) at 5-6). The parties were unable to resolve their "deposit copies" dispute on their own and, as a result, the court did not have before it an adequate record or adequate briefing to resolve the parties legal questions before the dispositive motions deadline. (*See id.*)

Now, another discovery dispute has prevented timely disclosure of Plaintiffs' expert witness Clement Stone. During discovery, the parties were unable to agree on ground rules for the exchange of documents, negotiating the scope of a protective order at length and failing to produce documents in the meantime. (Decl. of Benjamin Justus (Dkt. # 73) ¶ 2, Ex. A.) This made it difficult for Plaintiffs to retain an expert for trial. After all, an expert cannot reasonably be expected to express an opinion if she is unable to examine the source material on which the opinion is to be based. As a result, when the deadline for expert disclosures came due on July 18, 2012, Plaintiffs made a generic disclosure indicating that they intended to call an expert and describing what their expert would likely testify about, but omitting the expert's name, stating simply that an expert was "TBD." (*See id.* Ex. C) Plaintiffs did not disclose the name of their expert, Mr. Stone, until November 26, 2012. (*See* Mot. at 2.)

Defendants now ask the court to sanction Plaintiffs for their untimely disclosure by barring Mr. Stone from testifying at trial. (*Id.*) Under Federal Rule of Civil Procedure

ORDER- 2

37(c)(1), a district court can bar an expert witness from testifying if a party fails to properly disclose that witness "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Plaintiffs argue that their failure to disclose Mr. Stone was both justified and harmless. To determine whether a violation of a discovery deadline was substantially justified or harmless, courts consider factors such as: (1) whether there is any prejudice or surprise to the party against who the evidence is offered; (2) whether the prejudice could be cured; (3) the likelihood of disrupting the trial; and (4) any evidence of bad faith. *See David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003).

Considering these factors, the court finds that Plaintiffs' failure to disclose the identity of their expert Mr. Stone was justifiable and that any resulting prejudice can still be cured. There is no danger of surprise to the Defendants because Plaintiffs notified Defendants that they intended to call an expert at trial and described what the expert would testify about. As for prejudice, Defendants have not been able to depose Mr. Stone, but there is still time before the trial for this to occur if the parties can work together to schedule a deposition as soon as is practicable. Defendants have been denied the benefit of an expert witness report, but there is still time before trial for Plaintiffs to produce one, which will allow Defendants to prepare for Mr. Stone's testimony at trial. Allowing Mr. Stone to testify also will not disrupt the trial if the parties take the steps described above; to the contrary, it would disrupt the trial if Plaintiffs were required to proceed without an expert in a case where expert testimony could be critically important.

Finally, there is no evidence of bad faith. All in all, these factors favor allowing Mr. Stone to testify.

Neither party is blameless in this dispute. Further, the court does not condone the attorneys' inability to amicably resolve minor disputes to keep this case moving forward. However, the court will not allow counsel's inability to work together to deny either party the opportunity to argue their case fully and to have this dispute resolved under circumstances conducive to a just outcome.

Therefore, the court DENIES Defendants' motion in limine (Dkt. #70) and ORDERS Plaintiffs to make full expert disclosures in accordance with Rule 26(a)(2) within five days of the date of this order. This should not place too great a burden on Plaintiffs, assuming they were accurate in representing that they have already substantially complied with the requirements of Rule 26(a)(2). (*See* Resp. (Dkt. # 72) at 7.) If Defendants wish to depose Mr. Stone, they must be allowed to do so. Accordingly, the court GRANTS leave to depose Mr. Stone and ORDERS the parties to schedule a deposition (if one is desired) within 10 days of the date of this order at a time that will not disrupt the trial schedule or prejudice Defendants' ability to argue their theory of the case.

Dated this 31st day of December, 2012.

JAMES L. ROBART
United States District Judge

ORDER- 4